

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00265-CV

———————————————

CHESTER WILDER AND CAROLYN WILDER, Appellants

V.

JOHNSTON CUSTOM HOMES, INC. AND JEROLD B. JOHNSTON, Appellees

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2017-005058-3

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Pro se Appellants Chester and Carolyn Wilder filed a notice of appeal attempting to appeal three interlocutory trial court orders: (1) "Order Granting Defendants' Motion to Strike Plaintiffs' Recently-Asserted Cause of Action or, in the Alternative[,] Rule 70 Motion for Continuance"; (2) "Order Granting Defendants' Motion for Protection/Motion to Strike Plaintiffs' Motion for Summary Judgment"; and (3) "Order Granting Motion to Withdraw as Counsel [for the Wilders]." By letter dated July 19, 2019, we informed the Wilders of our concern that we may lack jurisdiction to consider their appeal due to the apparently interlocutory nature of the orders. We requested a response showing grounds for continuing the appeal be filed by Monday, July 29, 2019.

In response to our letter, the Wilders argued that the trial court's orders striking a late-added cause of action and striking their motion for summary judgment effectively dismissed their case as a whole. But we have already rejected these arguments in the Wilders' previous attempt to appeal those two orders. *Wilder v. Johnston Custom Homes, Inc.*, No. 02-19-00169-CV, 2019 WL 3436606, at *1 (Tex. App.—Fort Worth July 30, 2019, no pet. h.) (per curiam) (mem. op.). As we noted then, "the trial court has disposed of some of the Wilders' claims but has left others pending, including claims for breach of contract, fraud in the inducement, and violations of the Texas Deceptive Trade Practices Act," and the Appellees' counterclaims still remain. *Id.* In their response to our jurisdictional inquiry, the

2

Wilders provide no explanation for how the trial court's order allowing their attorney to withdraw (1) changed the interlocutory nature of the first two orders or (2) constitutes an appealable final judgment.  It does neither of those things—the order allowing their attorney to withdraw does not state that it is a final judgment and does not dispose of the Wilders' remaining claims.  *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (stating that an order or judgment is final if it finally disposes of all pending claims and parties or if it states that it does).

"Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal."  *In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding).  The trial court has not rendered a final judgment or an appealable interlocutory order.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing orders from which interlocutory appeals may be taken).  We therefore dismiss the Wilders' attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  August 15, 2019

3